**In re Gary Thomas LIVENGOOD, and May'rie Louise Livengood, Husband and Wife, Debtors.**

**Gary Thomas LIVENGOOD, Plaintiff,**

v.

**STATE OF IDAHO, BY AND THROUGH the DEPARTMENT OF HEALTH AND WELFARE, BUREAU OF CHILD SUPPORT ENFORCEMENT, its agency, Defendant.**

Bankruptcy No. 92–03915.
Adv. No. 93–6087.

United States Bankruptcy Court, D. Idaho.

Aug. 5, 1993.

---

Kenneth L. Anderson, Lewiston, ID, for plaintiff.

Derrick A. Ater, Keeton and Tait, Lewiston, ID, for defendant.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

This adversary proceeding was initiated by the debtor, Gary Thomas Livengood against the defendant, State of Idaho, Department of Health and Welfare, in order to determine the status of a claim by the State of Idaho, Department of Health and Welfare against the debtor in his chapter 13 case pending in this Court.

The parties have agreed the only remaining issue is whether the claim of the State of Idaho in the amount of $2,790.40 is a claim for maintenance or support under the provisions of 11 U.S.C. § 523(a)(5). If the claim is for maintenance or support under that section, then the claim is a nondischargeable claim in the debtor's chapter 13 case under the provisions of 11 U.S.C. § 1328(a).

▇ The State's claim is based on "prebirthing" or "maternity care" expenses. The expenses were paid by the State on behalf of the debtor's ex-spouse prior to the birth of the child. The State paid the expenses under the provisions of Idaho Code § 7–1121 which states in pertinent part:

\*     \*     \*     \*     \*     \*

The order of filiation may direct the father to pay or reimburse amounts paid for the support of the child prior to the date of the order of filiation and may also direct him to pay or reimburse amounts paid for: (1) the funeral expenses if the child has died; (2) the necessary expenses incurred by or for the mother in connection with her confinement and recovery; and (3) such ex-

penses in connection with the pregnancy of the mother as the court may deem proper.

The pre-birthing or maternity care costs would be included within either (1) or (3) of the foregoing statutory provisions.

11 U.S.C. § 523(a)(5) excepts from discharge any liability for "alimony to, maintenance for, or support of" the debtor, spouse, or child. The State paid the expenses incurred for the benefit of the wife and child. It would only be the exclusion contained in section 523(a)(5) which would relieve the debtor from liability for a nondischargeable claim. That exclusion exempts from the support and maintenance exception to discharge a debt if "(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debt assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26) ], or any such debt that has been assigned to the federal government or to a state or any political subdivision of such State)".

▇ Regardless of whether the debt is paid by the State in the first instance or is an assigned claim, in either instance, the claim of the State would fall within the exclusion of dischargeability afforded by 11 U.S.C. § 523(a)(5). The fact the claim exists in behalf of a third party, other than the spouse or the child, does not preclude the nondischargeable character of the claim. *See Epstein, Nickles & White, Bankruptcy, Vol. II, section 7–29, at p. 376.*

Accordingly, the relief prayed for in the plaintiff's complaint will be denied. Counsel for the State of Idaho, Department of Health and Welfare may prepare an appropriate form of judgment.